## Ada B. Everett *vs.* Willaim B. Whitney.

Somerset.    Opinion March 30, 1920.

*Real action.    Relying on quitclaim deed.    Disclaimer as to part.    Lines on the face of the earth.    Must make out a prima facie case.*

This is a real action for the recovery of a certain lot of land, the alleged title to which was based upon a quitclaim deed. A disclaimer was filed up to a definite line, covering a part of the locus claimed in the writ. The plaintiff's deed did not define the east end of her lot either by metes or bounds, but described it as bounded "on the east and south by land of William Whitney." That is, the west boundary of Whitney's land, when located, would be the east boundary of the plaintiff's land, as described in her deed. The issue involved was not the capacity of the deed to convey, but the location of the Whitney line. The Whitney line was the only question in dispute. It was incumbent upon the plaintiff, in order to establish her line to prima facie prove where, upon the face of the earth, the Whitney line was located.

In attempting to prove this, the deed having been admitted, Mr. Everett, the husband and agent of the plaintiff who did all the investigating of the lines, was asked this question: Q. Did you in purchasing that lot, and taking that deed rely upon the line on the east as run by Judge Buswell marked by the—? The question was excluded. Upon the close of the plaintiff's evidence the presiding Justice ordered a non suit to which exception was also taken. But, assuming that the question excluded was admitted and answered in the affirmative, the case is then devoid of any adequate evidence to establish prima facie proof of the plaintiff's contention.

The non suit was properly ordered.

This is a real action for the recovery of a certain lot of land. Defendant filed a plea of general issue, and also a disclaimer as to a part of the land claimed in the writ. Exception was taken by plaintiff to the exclusion of certain testimony.

Upon the close of the plaintiff's evidence, on motion by defendant, the presiding Justice ordered a non suit, to which exception was also taken. Exceptions overruled.

Case stated in the opinion.

*Walton & Walton,* for plaintiff.

*Fred F. Lawrence,* for defendant.

SITTING: SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

SPEAR, J.　This is a real action for the recovery of a certain lot of land, the alleged title to which was based upon a quitclaim deed. A disclaimer was filed up to a definite line, covering a part of the locus claimed in the writ.　The plaintiff's deed did not define the east end of her lot either by metes or bounds, but described it as bounded "on the east and south by land of William Whitney."　That is, the west boundary of Whitney's land, when located, would be the east boundary of the plaintiff's land, as described in her deed.　The issue involved was not the capacity of the deed to convey, but the location of the Whitney line.　The Whitney line was the only question in dispute.　It was incumbent upon the plaintiff, in order to establish her line, to prima facie prove where, upon the face of the earth, the Whitney line was located.

In attempting to prove this, the deed having been admitted, Mr. Everett, the husband and agent of the plaintiff who did all the investigating of the lines, was asked this question:　Q.　Did you in purchasing that lot, and taking that deed rely upon the line on the east as run by Judge Buswell marked by the—?　The question was excluded. Technically the exception is not entertainable, as it does not state what the answer might have been, and consequently does not show that the plaintiff was aggrieved by the ruling.　Assuming, however, that the question was admissible, and would have been answered in the affirmative, even then we are of the opinion, upon an examination of all the evidence, that the admission of the question and answer, would not have changed the result in the least.　The fact that the plaintiff might have relied upon that line has no force unless she could have furnished prima facie evidence that the Buswell line was the Whitney line.

It may be here noted that, while Judge Buswell and the other surveyors assumed that the Whitney farm was rectangular, there is no evidence whatever upon which to base the assumption.

We are unable to find any evidence in the case which rises to the plane of prima facie proof of where the Whitney line was, much less that it was where the plaintiff claims it to have been.

It appears that Judge Buswell run a line, purporting to be the defendant's west line, before the defendant took his deed.　But the

deed was not offered in evidence, nor was there any evidence tending to show that the Buswell line was the boundary adopted in the deed. There is no evidence that the defendant ever recognized it as his west line, but on the contrary openly repudiated it as such. It may be conjectured that this was the line, but conjecture is not prima facie evidence. The case is also devoid of any evidence that the defendant ever informed the plaintiff or admitted that the Buswell stakes marked his boundary, but on the contrary at every interview with him, as well as in the presence of all the surveyors, specifically asserted that the stakes did not locate his line. The evidence also shows that the plaintiff was not in possession of the locus, but that the defendant was, and had occupied and used it.

They all agree upon the northeast monument, but the defendant persistently disputed the southeast boundary as claimed by the plaintiff, and asserted that it came too far up into his field.

The summary of the case is this: The plaintiff alleges title up to Whitney's land; not being in possession, she must rely upon the strength of her own title, not upon the weakness of Whitney's; the strength of her title, beyond the line of disclaimer, depends upon prima facie proof that the line she claims is Whitney's west line; prima facie proof must be established by evidence, either of deeds, admissions, possession, mutual agreement or alleged prescription; but no such evidence appears in the case. Every word of the testimony, so far as it tends to connect the defendant with any recognition of the claimed line, is res inter alios, and not binding upon him. Upon the close of the plaintiff's evidence the presiding Justice ordered a non suit to which exception was also taken. But, assuming that the question excluded was admitted and answered in the affirmative, the case is then devoid of any adequate evidence to establish prima facie proof of the plaintiff's contention.

The non suit was properly ordered.

*Exceptions overruled.*